# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JIMMY BORRERO COSTAS, YANINA MORENO FEBRES, AND THE CONJUGAL PARTNERSHIP THEY CONSTITUTE; NELSÓN PAGÁN HERNÁNDEZ, MARÍA RAMOS RODRIGUEZ, AND THE CONJUGAL PARTNERSHIP THEY CONSTITUTE.<br><br>Plaintiffs<br><br>v.<br><br>AES PUERTO RICO, LP CP/ AES PUERTO RICO, INC. [AES] C/P APPLIED ENERGY SERVICES [AES] PUERTO RICO, LP; JOHN DOE INSURANCE COMPANIES.<br><br>Defendants | Case No. 20-<br><br>RE: NOTICE OF REMOVAL<br><br>Removal from the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Ponce, Civil Case No. PO2020CV01521 |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

Defendants AES Puerto Rico, LP and AES Puerto Rico, Inc. ("AES-PR")[1] give notice of the removal of the action pending in the Commonwealth of Puerto Rico, Court of First Instance, Ponce Part, under the caption *Jimmy Borrero Costas et al. vs. AES Puerto Rico, LP*, Civil No. PO2020CV01521 (the "State Court Action"), on the following grounds.

## PRELIMINARY STATEMENT

1. On September 23, 2020, Jimmy Borrero Costas ("Mr. Borrero"), his wife Yanina Moreno Febres, the conjugal partnership composed by them (the "Borreros"), Nelsón Pagán Hernández ("Mr. Pagán"), his wife María Ramos Rodriguez, and the conjugal partnership composed by them

---

[1] Applied Energy Services [AES] Puerto Rico, LP does not exist.

(the "Pagans", all jointly the "Plaintiffs") filed the Complaint in the State Court Action. **See Exhibits A and B** (the Complaint, and its certified English translation).[2]

2. As per the Complaint, AES-PR is a corporation organized under the laws of Puerto Rico, with its principal place of business in #3 Street Km. 142.0 Barrio Jobos, Guayama, Puerto Rico 00784. **See Exhibits A and B** ¶3.

3. As per the Complaint, the Borreros are natural persons with residence in Peñuelas, Puerto Rico. Their postal address is HC-3 Box 13198, Peñuelas, PR 00624. **See Exhibits A and B** ¶1.

4. As per the Complaint, the Pagans are natural persons with residence in Peñuelas, Puerto Rico. Their postal address is HC-3 Box 11630, Peñuelas, Puerto Rico 00624. **See Exhibits A and B** ¶2.

5. On September 29, 2020, the clerk of the Court of First Instance signed, sealed, and issued the summons to be served on AES-PR. **See Exhibits A and B.**

6. On October 7, 2020, AES-PR was served with summons. **See Exhibits A and B.**

7. Removal is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446 because the Court has original jurisdiction over this action. As explained below, the cause of action pleaded by the Plaintiffs arises under 42 U.S.C. § 1983. For this reason, federal question jurisdiction exists in this case. 28 U.S.C. §§ 1331 and 1343. Furthermore, removal is timely under 28 U.S.C. § 1446 (b).

### **GROUNDS FOR REMOVAL: THE COURT HAS ORIGINAL JURISDICTION**

8. Federal district courts exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312 (2005). This type of original jurisdiction —called by the

---

[2] AES requests leave to file within 20 days the certified translations of some recent motions and orders by the Court of First Instance, Ponce Part. **See Exhibits C-G.**

courts "federal-question jurisdiction"— "is invoked by and large by plaintiffs pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983)". Id.

9. A claim arises under federal law if a federal cause of action emerges after analyzing the Complaint under the "well-pleaded complaint" rule. Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998). The "well-pleaded complaint rule" generally "prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint." BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America, 132 F.3d 824, 831 (1st Cir. 1997).[3]

10. The Complaint asserts an alleged conspiracy by AES-PR with the Puerto Rico Police Department to deprive the Plaintiffs of their constitutional rights in violation of 42 U.S.C. § 1983. **Exhibits A and B** ¶¶ 8, 15, 16, 18, 19, 20, 45, 51.

11. Plaintiffs only cite 42 U.S.C. § 1983 (incorrectly cited in the Complaint as 28 U.S.C.A. § 1983) for the proposition that AES-PR contravened their constitutional rights of freedom of speech and assembly under the First Amendment. **Exhibits A and B** ¶ 51. The Complaint cites no other statute.

12. Therefore, the cause of action here arises under federal law, and "the United States District Court for the District of Puerto Rico has jurisdiction under 28 U.S.C. s 1343(3) to enforce the provisions of 42 U.S.C. s 1983." Examining Bd. of Engineers, Architects & Surveyors v. Flores de Otero, 426 U.S. 572, 597 (1976); 28 U.S.C. § 1343 (a)(3) (providing that the district courts shall have original jurisdiction of any civil action "[t]o redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured

---

[3] AES-PR nevertheless posits that the Complaint does not allege a plausible claim and will be filing a Motion to Dismiss for failure to state a Claim under Fed.R.Civ.P. 12 (b)(6), see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and on res judicata grounds.

by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.").

**WHEREFORE**, AES-PR requests that this case proceed as an action removed under 28 U.S.C. §§§ 1331, 1343 and 1446.

Respectfully submitted in San Juan, Puerto Rico, on October 30th, 2020.

**WE CERTIFY** that, on this same date, an electronic copy of this document was filed using the CM/ECF system and was notified by certified mail to Martín G. González Vélez, Esq. and Martín González Vázquez, Esq at P.O. BOX 591, Mercedita, PR 00715-0591. This motion was also served via e-mail to Martín G. González Vélez, Esq. and Martín González Vázquez, Esq at despachomgv.mggv@gmail.com.

> M | P | M   MARINI PIETRANTONI MUÑIZ LLC
> 250 Ponce de León Ave., Suite 900
> San Juan, PR 00918
> Office 787.705.2171
> Fax 787.936.7494
> mpietrantoni@mpmlawpr.com
> oandino@mpmlawpr.com
> www.mpmlawpr.com
>
> *S/ Manuel A. Pietrantoni*
> Manuel A. Pietrantoni
> USDC-PR No. 219805
>
> *S/ Omar Andino Figueroa*
> Omar Andino Figueroa
> USDC-PR No. 306411